IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SEABOCK,

    Petitioner,                      No. CIV S-10-3443 MCE EFB P

    vs.

GARY SWARTHOUT,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

    Petitioner, a state prisoner proceeding through counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the February 24, 2009 decision of the California Board of Parole Hearings ("Board") to deny him parole. Petitioner claims the Board's decision violated his right to due process because it was not supported by some evidence of his current dangerousness. He further alleges that the Board violated the Ex Post Facto Clause by failing to determine his suitability for parole under California's Indeterminate Sentencing Law ("ISL").

    On March 7, 2011, respondent filed a motion to dismiss. Dckt. No. 10. Respondent contends that petitioner fails to state a federal claim for habeas relief. Respondent also contends that the ISL ex post facto claim is untimely. On April 6, 2011, petitioner filed an opposition to the motion. Dckt. No. 11. Petitioner premises his opposition on his "belief that the United States Constitution Due Process Clause prohibits the deprivation of liberty when that deprivation

1

is against state law." *Id.* at 1-2.  Petitioner does not address respondent's arguments regarding the ex post facto claim.  For the reasons stated below, the court finds that petitioner fails to state a cognizable habeas claim and therefore recommends that the motion to dismiss be granted.[1]

**I       Due Process Claim**

Petitioner contends that Board's 2009 decision to deny him parole violated his right to due process because it was not supported by some evidence that he posed an unreasonable risk of danger to society.  Petitioner argues further that there was no nexus between the Board's findings for denying parole and a current unreasonable risk to the public were petitioner paroled.

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures."  *Swarthout v. Cooke*, 526 U.S. __ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011).  In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied").  Thus, this court may not review whether the Board correctly applied California's "some evidence" standard.  *Id.* at *2.  The record reflects that petitioner was given the opportunity to be heard at his 2009 parole suitability hearing and received a statement of the reasons why parole was denied.  *See* Dckt. No. 1, Ex. B.  This is all that due process requires. *Swarthout*, 2011 WL 197627, at **2-3.  Accordingly, the court finds that this claim should be

---

[1] In light of this determination, the court need not address respondent's argument that the ex post facto claim is also untimely.

dismissed.

## II.     Ex Post Facto Claim

Petitioner argues that the Board's 2009 decision finding him unsuitable for parole violated the Ex Post Facto Clause. Petitioner was convicted of first-degree murder with the use of a firearm, and assault with a deadly weapon, and sentenced to life imprisonment under California's Indeterminate Sentencing Law ("ISL") in 1974. In 1977, California repealed the ISL and enacted the current Determinate Sentencing Law ("DSL"). Petitioner became eligible for parole on December 13, 1979, and has been considered for parole under the DSL guidelines. As of the Board's 2009 decision, petitioner had been found unsuitable for release at sixteen suitability hearings.

Petitioner argues that the Board violated the Ex Post Facto Clause when it found him unsuitable for parole based on the DSL guidelines and not on the ISL guidelines.[2] He contends that this violation is especially prejudicial because under the ISL, his parole date would have been set long ago and that determining his parole under the DSL has vastly increased his punishment. Petitioner also contends that the Board's three-year denial of parole violates the Ex Post Facto Clause.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. CONST. art. I, § 10. A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Himes v. Thompson*, 336 F.3d 848, 854

---

[2] Petitioner contends this also violated his right to due process because he had a vested liberty interest in parole. In light of the Supreme Court's holding in *Swarthout*, 2011 WL 197627, discussed above, this claim lacks merit.

3

(9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes.  *Himes*, 336 F.3d at 854.  Not every law that disadvantages a defendant is a prohibited ex post facto law.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

      Here, the Board's application of the DSL guidelines did not increase petitioner's sentence.  Petitioner's indeterminate life sentence carries no guaranteed parole date but rather carries with it the potential that he could serve the entire term.  Further, any changes between the ISL and the DSL standards of parole do not change the definition of the crime or increase the punishment for murder because "the DSL guidelines require consideration of the same criteria as did the ISL."  *Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992); *see id.* ("the application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL does not disadvantage them, and therefore does not violate the federal constitutional prohibition against ex post facto laws."); *see also Baker v. Kramer*, No. CIV S-08-0311 FCD DAD P, 2010 WL 1027537, at *13-14 (E.D. Cal. Mar.18, 2010), *adopted by*, 2010 WL 1795862 (E.D. Cal. May 4, 2010) (denying relief on ex post facto claim, explaining that petitioner's ISL sentence "contemplates a potential life term in prison" and that "a grant of parole is not mandatory, but merely possible.  While petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."); *Delaplane v. Marshall*, No. CV 08-2306-JFW (MAN), 2009 WL 3806261, at *16 (C.D. Cal. Nov.12, 2009) (finding that petitioner's ex post facto and due process claims were foreclosed by *Connor*).

////

////

Petitioner also complains that California Penal Code § 3041.5 has been amended several times since the date of his conviction to allow for multi-year periods of time between parole suitability hearings.[3] Following these amendments, the Board denied petitioner parole for three years in 2009. Petitioner contends this violates the Ex Post Facto Clause because under the DSL, he likely would have received parole suitability hearings every year. However, such amendments have been upheld against challenges that they violated the Ex Post Facto Clause. *See California Department of Corrections v. Morales*, 514 U.S. 499, 509 (1995) (1981 amendment to § 3041.5, which increased maximum deferral period of parole suitability hearings to five years did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); *Watson v. Estelle*, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to the implementation of California's Determinate Sentence Law in 1977); *Clifton v. Attorney General Of the State of California*, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same). *See also Garner,* 529 U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).[4]

These cases support the conclusion that the application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL does not violate the federal constitutional

---

[3] In 2008, California Penal Code § 3041.5(b)(2) was amended after the passage of Proposition 9. The statutes enacted and modified pursuant to Proposition 9 are collectively known as "Marsy's Law."

[4] Recently the Ninth Circuit overturned a district court decision granting preliminary injunctive relief to plaintiffs in a class action seeking to prevent the Board from enforcing the increased deferral periods established by Marsy's Law. *Gilman v. Schwarzenegger*, ___ F.3d ___, No. 10-15471, 2011 WL 198435 (9th Cir. Jan. 24, 2011). The court concluded that plaintiffs had failed to demonstrate a significant risk that their incarceration would be prolonged by application of Marsy's Law, and thus found that plaintiffs had not established a likelihood of success on the merits of their ex post facto claim.

prohibition against ex post facto laws. *Id.* The court finds that petitioner's claim to the contrary should therefore be dismissed for failure to state a cognizable habeas claim.

### III. Conclusion

Based on the foregoing, the court concludes that the petition should be dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pled if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 7, 2011 motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: April 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE